UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FELIX TREVINO<br>*Plaintiff* | §<br>§<br>§ | |
| v. | § | C.A. NO.: 7:23-cv-00196 |
| | § | |
| COVINGTON SPECIALTY<br>INSURANCE COMPANY<br>*Defendant* | §<br>§<br>§<br>§ | |

**NOTICE OF REMOVAL BY DEFENDANT**
**COVINGTON SPECIALTY INSURANCE COMPANY**

Defendant Covington Specialty Insurance Company ("Covington") files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446(a), as follows:

## I.   Introduction

1. This lawsuit concerns a dispute over a claim for property damage made under a commercial insurance policy.

2. On May 8, 2023, Plaintiff filed suit against Covington, in a case styled Cause No. C-1809-23-J; *Felix Trevino v. Covington Specialty Insurance Company*; in 430th District Court of Hidalgo County, Texas (the "State Court Lawsuit"). The address of 430th District Court of Hidalgo County, Texas is 111 S. 9th St., Edinburg, Texas 78539.

3. Covington received the Plaintiff's Original Petition filed in the State Court Lawsuit and the citation on May 15, 2023.

## II.   Removal is Timely, Proper, and Lawful

4. Removal is timely because Covington files this Notice of Removal within

the 30-day time-period required by 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

5. Removal to this District and Division is proper pursuant to 28 U.S.C. § 1441(a) because the state court where the lawsuit is pending is in this District and Division. 28 U.S.C. § 124(b)(7).

6. Removal is lawful because a defendant is permitted to remove a civil action from state court to a federal district court that has original jurisdiction. 28 U.S.C. § 1441(a). Among other circumstances, federal district courts have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000.00. 28 U.S.C. § 1332(a).

### A.    The Parties are Diverse

7. Here, Covington is a citizen of New Hampshire, where it is incorporated, and Georgia, where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

8. Plaintiff is a person, who is considered a citizen of the state where he is domiciled – where he has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Plaintiff does not state in his Original Petition in which state he is a citizen, but does state that he is a resident of Hidalgo County, Texas. (ECF Doc. #1-4, p. 1 ¶ 2). Covington has conducted a diligent investigation to determine the citizenship of Plaintiff, including review of information available via the Hidalgo County Appraisal

District.

9. The insurance policy at issue identifies Felix Trevino, Jr. as the named insured, and lists his mailing address as 800 Montecruz Street, Mission, Texas 78574. Information available via the Hidalgo County Appraisal District website shows that Felix Trevino, Jr. is an owner of 800 Montecruz Street, Mission, Texas 78574 and claims a homestead exemption at that property.

10. Therefore, after conducting a diligent investigation, Covington pleads, based on information and belief, that Plaintiff is domiciled in Texas and is a citizen of Texas. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

**B.     Amount in Controversy Exceeds $75,000.00**

11. The amount in controversy exceeds $75,000.00. Plaintiff does not allege the amount he seeks, but his pre-suit letter to Covington demands that Covington pay him $93,722.26 in actual damages, as well as attorney's fees and statutory interest, for the insurance claim at issue in Plaintiff's Original Petition. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961).

12. Plaintiff provides a stipulation in which he attempts to set the amount in controversy below $75,000.00. However, this stipulation is insufficient to limit Plaintiff's recovery to less than $75,000.00 and the facts establish that Plaintiff seeks more than $75,000.00 in this lawsuit.

    i.     <u>Plaintiff's Allegations and Stipulation Do Not Limit His Recovery</u>

13. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the

amount stated in the complaint is not claimed 'in good faith.' In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

14. "A Plaintiff seeking to stipulate damages with legal certainty cannot merely state in his original complaint that the damages will be below the jurisdictional amount." *Abascal v. United Property &Casualty Insurance Company*, 2019 WL 3229174, *2 (July 18, 2019) (citing *see Martinez v. Kroger Tex. L.P.*, 2019 WL 954963, at *4 (S.D. Tex. Feb. 27, 2019)).

15. To properly set the amount in controversy below $75,000.00, Plaintiff needed to stipulate that he does not **seek** and would not **accept** more than $75,000.00. *Johnson v. Ocean Harbor Casualty Insurance Co.*, 2019 WL 13214977, *1-2 (S.D. Tex. Nov. 4, 2019) (plaintiffs' stipulation supporting remand stated the amount of damages plaintiffs **sought** and would **accept** did not exceed $75,000.00); *Williams v. Companion Property & Cas. Ins. Co.*, 2013 WL 2338227, *2 (S.D. Tex. May 27, 2013) ("The statement in the stipulation that [Plaintiff] Williams and counsel will neither **seek nor accept** more than $75,000 in state court after remand establishes to a legal certainty that Williams will not be able to recover more than $75,000.00.") (emphasis added) (citing *Vidaurri v. H.M.R. Props.*, 2007 WL 1512029, *6 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide a "binding stipulation that she will not **seek** or **accept** more than $75,000.00." (emphasis

added)); *Adams v. Fednat Insurance Company*, 2019 WL 13189854, *1 (S.D. Tex. Nov. 11, 2019) ("The plaintiff may satisfy the legal-certainty test by filing a binding stipulation or affidavit that limits the recovery to $75,000.00 or less. Specifically, a binding stipulation—filed before removal—that states the plaintiff will not **accept** more than $75,000.00, exclusive of interest and costs, satisfies the legal-certainty test.") (emphasis added) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) and *Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (Rosenthal, C.J.)).

16. Plaintiff's Binding Stipulation ("Stipulation") included with his Original Petition states that Plaintiff "the total sum or value in controversy in this lawsuit, including attorney's fees, pre and post judgment interest and court costs, does not exceed $74,999.00." (ECF Doc. #1-4, p. 11 ¶ 1. Plaintiff states further that "[t]he total damages sought by the Plaintiff in this lawsuit, including attorney's fees, pre and post judgment and court costs, do not exceed $74,999.00." (ECF Doc. #1-4, p. 11 ¶ 2). Finally, Plaintiff states that he "agrees that Plaintiff's total recovery is limited to an amount less than $74,999.00, including attorney's fees, pre and postjudgment interest and court costs." (ECF Doc. #1-4, p. 11 ¶ 3).

17. However, the Stipulation does not limit Plaintiff's recovery because Plaintiff does not stipulate that he will not ***accept*** damages over $75,000.00. *Phan VM Holding, LLC v. Evanston Insurance Company*, 2019 WL 4274428, *1 (S.D. Tex. Sept. 10, 2019); *Williams v. Companion Property & Cas. Ins. Co.*, 2013 WL 2338227, *2 (S.D. Tex. May 27, 2013); *Mason v. Evanston Insurance Company*, 2019 WL 2412558, *1 (S.D. Tex. June

7, 2019) (quoting *Espinola-E v. Coahoma Chem. Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001)); *see also Wen Wireless, Inc. v. Armguard Insurance Co.*, 2019 WL 916701, *1 (S.D. Tex. Feb. 25, 2019). Accordingly, Plaintiff has not established to a legal certainty that his claim is $75,000.00 or less.

    ii.  Plaintiff's Allegations and Stipulation are Not Made in Good Faith

18. A defendant can support removal by showing the face of the petition establishes the claims likely exceed $75,000.00 or, alternatively, the evidence establishes that the amount in controversy is more than $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1446(c).

19. Plaintiff alleges that he is entitled to the "amount of their claim, together with attorney's fees[;]" "three times their actual damages[;]" "eighteen (18) percent interest[;]" "compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress." (ECF Doc. #1-4, pp.7-8 ¶¶ 39-42).

20. Plaintiff's "claim" is the insurance claim for alleged hail and wind damage occurring to property insured by an insurance policy issued by Covington (the "Claim"). Covington investigated the Claim and determined that the insurance policy does not afford coverage for the Claim. Plaintiff disagreed, and his attorney sent correspondence to Covington in which Plaintiff demands that Covington pay Plaintiff $93,722.26 for damage to the property, plus statutory interest, attorney's fees, and pre-judgment interest. The total amount Plaintiff demands of Covington is $104,625.87. *See Williams v. Companion*

*Property & Casualty Insurance Co.*, 2013 WL 2338227, *1 (S.D. Tex. May 27, 20213) (considering pre-suit demand letters to determine amount in controversy) (ECF Doc. #1-8, pp. 3-4). Thus, the amount in controversy exceeds $75,000.00 because Plaintiff demanded that Covington pay him $104,625.87 for the Claim, including over $75,000.00 for alleged damage to the property at issue in Plaintiff's petition.

21. Accordingly, the requirements needed for federal diversity jurisdiction are met as between Plaintiff and Covington.

### III.   Jury Demand

22. It appears Plaintiff did not demand a jury in the State Court Lawsuit.

### IV.   Conclusion and Contemporaneous Removal Filings

23. The State Court Lawsuit should be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties, and the amount in controversy and judgment value of damages sought by Plaintiff is in excess $75,000.00.

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to Plaintiff and filed with the clerk of the state court where the suit is pending promptly after the filing of this Notice.

25. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Civil Cover Sheet;
2. Index of documents being filed;
3. State Court Lawsuit Docket Sheet;

4. Pleadings asserting causes of action and any answers to such pleadings;
5. All executed process in the case;
6. All orders signed by the judge (none); and
7. A list of all counsel of record, including addresses, telephone numbers, and parties represented.

26. WHEREFORE, Defendant Covington Specialty Insurance Company requests that this action be removed from the 430th District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

/s/ *John Michael Raborn*

John Michael Raborn
Attorney in Charge
State Bar No. 24057364
S.D. Texas Bar No. 940054
jmr@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that on June 14, 2023, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties.

Larry W. Lawrence, JR.
Michael Lawrence
Celeste Guerra
**LAWRENCE LAW FIRM**
3112 Windsor Rd., Suite A234
Austin, Texas 78703
Telephone: (956) 994-0057
Telecopier: (800) 507-4152
Lawrencefirm@gmail.com
Attorneys for Plaintiff


                                           /s/ *John Michael Raborn*
                                               John Michael Raborn