UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FELIX TREVINO<br>   *Plaintiff* | §<br>§<br>§ | |
| v. | § | C.A. NO.: 7:23-cv-00196 |
| | § | |
| COVINGTON SPECIALTY<br>INSURANCE COMPANY<br>   *Defendant* | §<br>§<br>§<br>§ | |

## COVINGTON SPECIALTY INSURANCE COMPANY'S
## FIRST AMENDED ANSWER

Defendant Covington Specialty Insurance Company ("Covington") files this First Amended Answer pursuant to Federal Rule of Civil Procedure 8(b) and 81(c).

### I.    Admissions and Denials

1. Covington denies that level three discovery under the Texas Rules of Civil Procedure is appropriate for this case.

2. Based on information and belief, Covington admits paragraph 2 of the Original Petition.

3. Covington admits paragraph 3 of the Original Petition.

4. Covington admits that district court in Hidalgo County, Texas would have jurisdiction over the lawsuit and be an appropriate venue if federal diversity jurisdiction did not exist.

5. Covington admits that it issued insurance policy number VBA78059300 (the "Policy"), effective October 19, 2020, to October 19, 2021, to Plaintiff that provided

commercial property coverage to 2408 Brock Street, Suites 15 & 16, Mission, Texas 78572 (the "Property"), subject to limitations, conditions, endorsements, and exclusions.

6. Based on information and belief, Covington admits that Plaintiff owns the Property.

7. Covington denies that it sold the Policy directly to Plaintiff.

8. Covington denies paragraph 8 in the Original Petition.

9. Covington admits that Plaintiff submitted a claim to Covington on May 21, 2021, for alleged hail and wind damage to the Property occurring on May 11, 2021, and Covington assigned claim number 7030158405 (the "Claim").

10. Covington admits that Plaintiff submitted the Claim but denies all other allegations in paragraph 10 of the Original Petition.

11. Covington denies the allegations in paragraph 11 of the Original Petition.

12. Covington denies the allegations in paragraph 12 of the Original Petition. In part, Plaintiff did not comply with his obligation under the Policy to cooperate in connection with the Claim.

13. Covington denies paragraph 13 of the Original Petition.

14. Covington denies paragraph 14 of the Original Petition.

15. Covington denies paragraph 15 of the Original Petition.

16. Covington denies paragraph 16 of the Original Petition.

17. Covington denies paragraph 17 of the Original Petition.

18. Covington denies paragraph 18 of the Original Petition.

19. Covington denies paragraph 19 of the Original Petition.

20. Covington denies paragraph 20 of the Original Petition.

21. Covington admits that Plaintiff retained counsel in connection with the Claim but denies the remaining allegations in paragraph 21 of the Original Petition.

22. Covington denies paragraph 22 of the Original Petition.

23. Covington denies paragraph 23 of the Original Petition.

24. Covington denies paragraph 24 of the Original Petition.

25. Covington denies paragraph 25 of the Original Petition.

26. Covington denies paragraph 26 of the Original Petition.

27. Covington denies paragraph 27 of the Original Petition.

28. Covington denies paragraph 28 of the Original Petition.

29. Covington denies paragraph 29 of the Original Petition.

30. Covington denies paragraph 30 of the Original Petition.

31. Covington denies paragraph 31 of the Original Petition.

32. Covington denies paragraph 32 of the Original Petition.

33. Covington denies paragraph 33 of the Original Petition.

34. Covington denies paragraph 34 of the Original Petition.

35. Covington denies paragraph 35 of the Original Petition.

36. Covington denies paragraph 36 of the Original Petition.

37. Covington denies paragraph 37 of the Original Petition.

38. Covington denies paragraph 38 of the Original Petition.

39. Covington denies paragraph 39 of the Original Petition.

40. Covington denies paragraph 40 of the Original Petition.

41. Covington denies paragraph 41 of the Original Petition.

42. Covington denies paragraph 42 of the Original Petition.

43. Covington denies paragraph 43 of the Original Petition.

44. Covington denies paragraph 44 of the Original Petition.

45. Covington denies paragraph 45 of the Original Petition.

46. Covington denies paragraph 46 of the Original Petition.

47. Covington denies paragraph 47 of the Original Petition.

48. Covington denies paragraph 48 of the Original Petition.

49. Covington denies the allegations within the Prayer of the Original Petition.

## II.   Defenses

50. Plaintiff failed to mitigate its damages.

51. Plaintiff failed to perform conditions precedent as required under the Policy, including the Duties In the Event Of Loss Or Damage in the Building And Personal Property Coverage Form, which requires Plaintiff to provide Covington with prompt notice of the loss or damage.

52. Plaintiff's claims are barred, in whole or in part, to the extent loss or damage claimed by Plaintiff was not caused by or did not result from a covered cause of loss or was caused by an excluded cause of loss.

53. To the extent Plaintiff has any covered damage for which it should be compensated under the Policy, Plaintiff has the burden of allocating between covered and non-covered damages. Under the doctrine of concurrent causation, Covington does not owe coverage for damage caused by non-covered perils if covered and non-covered perils combined to create Plaintiff's alleged loss. Plaintiff is entitled to recover only that portion of the damage

caused solely by the covered peril. Plaintiff must present evidence from which the jury can allocate the damage attributable to the covered peril.

54. Plaintiff's claims are subject to and barred, in whole or in part, by the terms, conditions, limitations, endorsements, exclusions, and deductibles set forth in the Policy. The Policy provides replacement cost valuation for the Property in the event of a covered loss or damage, subject to other provisions in the Policy. The applicable provisions include limits of insurance for the Property – $177,000.00 for building 1 and $177,000.00 for building 2.

55. The Windstorm Or Hail Deductible endorsement of the Policy provides that in the event of wind or hail damage to the Property covered by the Policy the deductible for building 1 is 1% subject to a minimum of $2,500.00 and the deductible for building 2 is 1% subject to a minimum of $2,500.00.

56. Other applicable provisions in the Policy include:

### Commercial Property Conditions

    D.     Legal Action Against Us

           No one may bring legal action against us under this Coverage Part unless:
           1.     There has been full compliance with all of the terms of this Coverage Part; and
           2.     The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

    H.     Policy Period, Coverage Territory

           Under this Coverage Part:
           1.     We cover loss or damage commencing:
                a. During the policy period shown in the Declarations; and
                b. Within the coverage territory.

**Building And Personal Property Coverage Form**

    A.    Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

    4. Additional Coverages

        e. Increased Cost Of Construction

            (1)    This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies

            (2)    In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the minimum standards of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in e.(3) through e.(9) of this Additional Coverage.

            (3)    The ordinance or law referred to in e.(2) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises and is in force at the time of loss.

            (4)    Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:

                (a)    You were required to comply with before the loss, even when the building was undamaged; and

                (b)    You failed to comply with.

            (5)    Under this Additional Coverage, we will not pay for:

                (a)    The enforcement of or compliance with any ordinance or law which requires demolition, repair, replacement, reconstruction, remodeling or remediation of property due to contamination by "pollutants" or due to the presence, growth, proliferation,

      spread or any activity of "fungus", wet or dry rot or bacteria; or

  (b) Any costs associated with the enforcement of or compliance with an ordinance or law which requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants", "fungus", wet or dry rot or bacteria.

(6) The most we will pay under this Additional Coverage, for each described building insured under this Coverage Form, is $10,000 or 5% of the Limit of Insurance applicable to that building, whichever is less. If a damaged building is covered under a blanket Limit of Insurance which applies to more than one building or item of property, then the most we will pay under this Additional Coverage, for that damaged building, is the lesser of $10,000 or 5% times the value of the damaged building as of the time of loss times the applicable Coinsurance percentage.

The amount payable under this Additional Coverage is additional insurance.

(7) With respect to this Additional Coverage:

  (a) We will not pay for the Increased Cost of Construction:

    (i) Until the property is actually repaired or replaced at the same or another premises; and

    (ii) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

  (b) If the building is repaired or replaced at the same premises, or if you elect to rebuild at another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of e.(6) of this Additional Coverage, is the

          increased cost of construction at the same premises.

      (c) If the ordinance or law requires relocation to another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of e.(6) of this Additional Coverage, is the increased cost of construction at the new premises.

   (8) This Additional Coverage is not subject to the terms of the Ordinance Or Law Exclusion to the extent that such Exclusion would conflict with the provisions of this Additional Coverage.

   (9) The costs addressed in the Loss Payment and Valuation Conditions and the Replacement Cost Optional Coverage, in this Coverage Form, do not include the increased cost attributable to enforcement of or compliance with an ordinance or law. The amount payable under this Additional Coverage, as stated in e.(6) of this Additional Coverage, is not subject to such limitation.

E. **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

 3. Duties In The Event Of Loss Or Damage

  a. You must see that the following are done in the event of loss or damage to Covered Property:

   (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

   (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

   (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for

      any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

    (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    (8) Cooperate with us in the investigation or settlement of the claim.

  G. Optional Coverages
    If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item:

    3. Replacement Cost

     a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form.

     d. We will not pay on a replacement cost basis for any loss or damage:
      (1) Until the lost or damaged property is actually repaired or replaced; and
      (2) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

     e. We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2) or (3), subject to f. below:
      (1) The Limit of Insurance applicable to the lost or damaged property;
      (2) The cost to replace the lost or damaged property with other property:
       (a) Of comparable material and quality; and

    (b) Used for the same purpose; or
  (3) The amount actually spent that is necessary to repair or replace the lost or damaged property.

  If a building is rebuilt at a new premises, the cost described in e.(2) above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

### Actual Cash Value Defined endorsement

The following definition is added to any provision which uses the term actual cash value:

Actual cash value is calculated as the amount it would cost to replace, repair or rebuild (whichever is less) the Covered Property, at the time of loss or damage (without allowance for contingencies or soft costs) with material of like kind and quality, less the adjusted deduction for deterioration, depreciation, obsolescence, and depletion. If the foregoing calculation produces a number greater than the fair market value of the Covered Property at the time of loss or damage, then the Actual Cash Value shall be limited to the fair market value.

The actual cash value of the lost or damaged property may be significantly less than its replacement cost.

### Causes of Loss – Special Form

A. Covered Causes Of Loss
When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

B. Exclusions

  2. We will not pay for loss or damage caused by or resulting from any of the following:

    d. (1) Wear and tear;
     (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

      (4) Settling, cracking, shrinking or expansion;

    f.  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

    m.  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

  3.  We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    c.  Faulty, inadequate or defective:
      (1) Planning, zoning, development, surveying, siting;
      (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      (3) Materials used in repair, construction, renovation or remodeling; or
      (4) Maintenance;

    of part or all of any property on or off the described premises.

C. Limitations
The following limitations apply to all policy forms and endorsements, unless otherwise stated:

  1.  We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

        c.      The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
           (1)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
           (2)    The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

**Limitations On Coverage For Roof Surfacing (ACV) endorsement**

| Prem. No. | Bldg. No. | Location |
|---|---|---|
| 1 | 1 | 2408 Brock Street, Ste. 15 & 16, Mission, TX 78572 |
| 1 | 2 | 2408 Brock Street, Ste. 15 & 16, Mission, TX 78572 |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |

With respect to the Locations(s) indicated in the Schedule above, the following provisions apply. If there are no locations listed in the Schedule above, these provisions apply to all locations covered by the policy.

A. The following applies with respect to loss or damage by a Covered Cause of Loss (including Windstorm and/or Hail if covered) to a building or structure identified in the Schedule above.

Replacement Cost coverage (if otherwise applicable to such property) does not apply to "roof surfacing" unless you can provide documentation which proves that the "roof surfacing" was installed no more than 15 years prior to the time of loss. This documentation must be provided by you to the Company at the time of loss.

Instead, we will determine the value of "roof surfacing" at actual cash value as of the time of loss or damage.

B. With regard to any roof that is valued at actual cash value, the Additional Coverage, A.4.e. Increased Cost of Construction will not apply, regardless of anything to the contrary elsewhere in this policy.

C. For the purpose of this endorsement, "roof surfacing" refers to shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all material used in securing the roof surface and all materials applied to or under the roof surface for moisture protections, as well as roof flashing.

### Exclusion – Cosmetic Damage – Limitations On Coverage For Roof Surfacing endorsement

| Prem. No. | Bldg. No. | Location |
|---|---|---|
| 1 | 1 | 2408 Brock Street, Ste. 15 & 16, Mission, TX 78572 |
| 1 | 2 | 2408 Brock Street, Ste. 15 & 16, Mission, TX 78572 |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |

With respect to the Locations(s) indicated in the Schedule above, the following exclusion applies. If there are no locations listed in the Schedule above, this exclusion applies to all locations covered by this policy.

A. We will not pay for "cosmetic damage" to "roof surfacing" caused by Windstorm and/or Hail.

B. For the purpose of this endorsement, the following definitions apply:

1. "Cosmetic damage" means marring, pitting or other superficial damage that alters the appearance of the "roof surfacing", but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the damage occurred.

2. "Roof surfacing" refers to shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all material used in securing the roof surface and all

    materials applied to or under the roof surface for moisture protections, as well as roof flashing.

57. Covington has a reasonable basis for not paying insurance proceeds under the Policy, and Plaintiff has not established that insurance proceeds are due.

58. A bona fide controversy exists concerning Plaintiff's entitlement to benefits under the Policy. Covington is entitled to value loss or damage differently from Plaintiff without facing extra-contractual liability.

59. In the event Covington owes insurance proceeds for the Claim, section 542.060(c) applies if Covington is found to not be in compliance with Subchapter B of Chapter 542 of the Texas Insurance Code.

60. Covington reserves its right to claim the defense of offset as provided by applicable law in the event Plaintiff obtains proceeds for the alleged loss from any other entity.

61. Plaintiff's claims are barred, in whole or in part, by contributory negligence in that Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged damages.

62. Plaintiff did not sustain any damages as a result of any act or omission of Covington. The unpaid damages in question, if any, were caused solely by an occurrence(s) not covered by the Policy.

63. Covington invokes the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and specifically requests that the comparative responsibility of Plaintiff and/or any other responsible parties be determined and Plaintiff's recovery, if any, be barred or otherwise reduced by the fault attributable to Plaintiff and/or any other responsible parties.

64. Covington invokes the provisions of Chapter 32 of the Texas Civil Practice and Remedies Code and requests the Court enter judgment for contribution as to any other defendant or responsible party.

65. Plaintiff's lawsuit is merely for breach of contract and is not actionable under the Texas Insurance Code or other statute.

66. The imposition of punitive, treble, or exemplary damages upon Covington for the allegations made by Plaintiff violates the contract clause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process Clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the contract clause in Article I, Section 16 of the Constitution of the State of Texas.

67. By appearing and answering herein, Covington does not waive, and expressly reserves, all rights and defenses that Covington may have or that may arise under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Covington may have or that may arise under the Policy and/or the law.

68. Covington reserves the right to supplement or amend this answer and its defenses as permitted by law.

69. WHEREFORE, Covington prays that the Court enter judgment that Plaintiff take nothing, dismiss Plaintiff's lawsuit with prejudice, assess costs against Plaintiff, and award Covington all other relief the Court deems appropriate.

                                        Respectfully submitted,

                                        /s/ *John Michael Raborn*

                                            John Michael Raborn
                                            Attorney in Charge
                                            State Bar No. 24057364
                                            S.D. Texas Bar No. 940054
                                            jmr@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that on June 21, 2023, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties.

Larry W. Lawrence, JR.
Michael Lawrence
Celeste Guerra
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
Telephone: (956) 994-0057
Telecopier: (800) 507-4152
Lawrencefirm@gmail.com

*Attorneys for Plaintiff*

/s/ *John Michael Raborn*
John Michael Raborn